Zieve, Brodnax & Steele, LLP
Erin M. McCartney, Esq. #308803
Leslie M. Klott, Esq. #279622
30 Corporate Park, Suite 450
Irvine, CA 92606
Phone:      (714) 848-7920
Facsimile:  (714) 908-7807
Email:      bankruptcy@zbslaw.com

Counsel for Movant,

The following constitutes
the order of the court. Signed April 6, 2017

_____
Roger L. Efremsky
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re:

Rene Aline Ricks, aka Rene A. Ricks, aka Rene Ricks,

    Debtor.

Case No.: 14-44289

RS No.: EMM-14358

Chapter: 13

**ORDER MODIFYING AUTOMATIC STAY AND FOR ADEQUATE PROTECTION**

**Hearing:**
Date: March 15, 2017
Time: 1:30 p.m.
Place: Courtroom 201
      U.S. Bankruptcy Court
      1300 Clay Street
      Oakland, CA 94612

It is hereby ordered by and between Movant, MTGLQ Investors, L.P c/o Shellpoint Mortgage Servicing, and Rene Aline Ricks ("Debtor"), as follows:

1

1. **IT IS HEREBY ORDERED** that the automatic stay as it affects Movant's interest in the real property generally described as **2 Emshee Lane, Martinez, CA 94553** ("Property") shall remain in effect, unless otherwise extinguished by operation of law, provided Debtors comply with all of the provisions set forth below.

2. **IT IS FURTHER ORDERED** that Debtor shall maintain regular monthly payments in the amount of $3,069.05 on Movant's first deed of trust obligation, in a timely fashion, beginning with the April 1, 2017 payment, and continuing thereafter on the first (1st) day of each month. Payments are due on the first (1st) day of each month and are delinquent after the fifteenth (15th) day of each month. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due to Movant hereunder shall be paid to Movant at the following address:

> Shellpoint Mortgage Servicing
> PO Box 740039
> Cincinnati, OH 45274-0039

3. **IT IS FURTHER ORDERED** that Debtors shall cure the post-petition default computed through March 1, 2017 as follows:

| | | |
|---|---|---|
| 8 payments @ $3,069.05 | (08/01/16 – 03/01/17) | $24,552.40 |
| Attorney's Fees and Costs | | $1,031.00 |
| Suspense Account | | ($2,620.98) |
| Post-Petition delinquency | | $22,962.42 |

4. **IT IS FURTHER ORDERED** In addition to the regular monthly post-petition payments, Debtor shall tender $3,069.05 by March 24, 2017 and six (6) monthly installments of $3,069.05 each commencing April 1, 2017 and continuing thereafter through and including September 1, 2017 and one final payment in the amount $1,479.07 due on October 1, 2017

///

2

5. **IT IS FURTHER ORDERED** that in the event Debtor fails to timely or properly comply with the payment provisions set forth in paragraphs 2, 3 or 4 hereinabove, Movant may serve a written Notice of Default on Debtor via first class mail and on Debtors counsel via first class mail and facsimile. Debtor shall then have ten (10) days from the date of service of the Notice of Default within which to cure the existing breach. If Debtor fails to do so, then on the eleventh (11th) day, Movant may serve and lodge a Declaration Re: Non-Cure of Default, along with a final Order for Relief from the Automatic Stay. Upon the entry of said Order, the automatic stay in the above-entitled bankruptcy proceeding shall be immediately vacated and extinguished for all purposes as to Movant, and Movant may proceed with a foreclosure sale of the Property, pursuant to applicable state law, without further court order or proceeding, and thereafter take any action necessary to obtain complete possession of the Property.

6. **IT IS FURTHER ORDERED** that if the loan secured by Movant's first deed of trust obligation is non-escrowed, then Debtor shall maintain property taxes and current hazard insurance for the Property, and provide proof of said insurance to Movant on a timely basis.

7. **IT IS FURTHER ORDERED** that the acceptance by Movant of a late or partial payment(s) shall not act as a waiver of Movant's right to proceed hereunder.

8. **IT IS FURTHER ORDERED** that the 14-day stay set forth in Federal Rule of Bankruptcy Procedure 4001(a)(3) is hereby waived for the purposes of both this Order and Order prospectively contemplated in paragraph 5 above.

9. **IT IS FURTHER ORDERED** that the foregoing terms and conditions shall only be binding during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, the foregoing

terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against Debtor.

10. **IT IS FURTHER ORDERED D** that Movant shall be permitted to offer and provide Debtor with information regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor.

**Approved as to form and content:**

Dated: March 29, 2017                     Law Office of Eddy Hsu

                                          _____
                                          Eddy Hsu, Esq.
                                          Attorney for Debtor,
                                          Rene Aline Ricks

**END OF ORDER**

4

Case: 14-44289    Doc# 38    Filed: 04/06/17    Entered: 04/07/17 15:34:13    Page 4 of 5

COURT SERVICE LIST